IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LORENZA L. HODGES, #6000727, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3029 |
| | § | |
| GEANNIE JONES, *ET AL.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER OF DISMISSAL

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, files this lawsuit under section 1983 asserting claims for loss of personal property against prison officers Alfonso Castillo, Thomas Hunt, and Geannie Jones, and for retaliation against Jones.

After conducting a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, the Court DISMISSES this lawsuit for the reasons that follow.

*Background and Claims*

Plaintiff asserts that, on May 13, 2008, defendant Jones improperly confiscated and intentionally destroyed his headphones, a law book, and a brown envelope. He further claims that, on May 27, 2008, Jones wrongfully deprived him of his property for twenty-one days, and returned his radio and typewriter to him in damaged condition. Plaintiff alleges that Jones failed to follow "flawless" prison rules and regulations regarding prisoner property on both occasions. He also asserts that Jones damaged his property in retaliation for his helping another inmate file a grievance and property claim against Jones.

Plaintiff reports that his prison grievances regarding these claims were denied. He seeks recovery of monetary compensation for his damaged and destroyed personal property and for Jones's retaliation.

*Loss of Property*

Plaintiff does not present a valid constitutional claim for his deprivation of property. As long as the state provides for a meaningful post-deprivation remedy, no constitutional violation occurs when a state employee negligently or intentionally deprives a prisoner of property. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Constitutional due process is satisfied in the instant case because the Texas tort of conversion provided plaintiff with an adequate post-deprivation remedy. *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994). Accordingly, plaintiff's claims for loss of or damage to his personal property are not actionable under 28 U.S.C. § 1983.

To the extent plaintiff complains of a "flawless unit property policy" (Docket Entry No. 1, p. 8), plaintiff fails to set forth any factual allegations supporting this conclusory claim.

*Retaliation*

Plaintiff asserts no viable retaliation claim. To state a claim of retaliation, an inmate must allege the violation of a specific constitutional right and be prepared to establish that, but for the retaliatory motive, the complained of incident would not have occurred. This

places a significant burden on the inmate, and mere conclusory allegations of retaliation will not suffice. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Plaintiff alleges that Jones retaliated against him because he helped another inmate file a grievance and property claim against her. To prevail under this claim, plaintiff must show that he was retaliated against for exercising a constitutional right. Plaintiff, however, enjoys no constitutional right to help another inmate file a prison grievance or property claim. *See Shaw v. Murphy*, 532 U.S. 223, 231 n.3 (2001) (noting that prisoners do not have a freestanding right to give or receive legal advice); *see also Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996) (refusing to find that "jailhouse lawyers" have a protected liberty interest in providing assistance to other inmates). Accordingly, plaintiff fails to assert his exercise of a constitutional right that resulted in retaliation against him by Jones.

Even assuming plaintiff had a constitutional right to assist the other prisoner, plaintiff must produce direct evidence of motivation or, the more probable scenario, set forth a chronology of events from which retaliation may be plausibly inferred. *Woods*, 60 F.3d at 1166. Plaintiff's conclusory allegations of retaliation fail to establish that, but for a retaliatory motive, Jones would not have confiscated or damaged his property.

*Conclusion*

This lawsuit is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim. Any and all pending motions are DENIED AS MOOT. This dismissal counts as a "strike" under section 1915(g).

The Clerk will provide a copy of this Order to the parties, to the TDCJ Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Inmate Three-Strike List Manager.

Signed at Houston, Texas, on October 26, 2010.

_____
Gray H. Miller
United States District Judge